[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13094
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20096-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICE REGINE DUCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 1, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Patrice Duck appeals her convictions and sentence of imprisonment for 156 months for importing and possessing with intent to distribute heroin, 21 U.S.C. §§ 952(a), 841(a). Duck challenges the sufficiency of the evidence to support her convictions and argues that the district court miscalculated the total offense level for her sentencing guideline range. The United States concedes that the district court erred when it miscalculated Duck's total offense level for sentencing. We affirm in part, vacate in part, and remand for resentencing.

In February 2013, customs officers at the Miami International Airport detained Duck and her cousin, who were returning from Venezuela, and discovered 1.96 kilograms of heroin hidden in the lining of Duck's suitcase. At trial, the United States offered the testimony of Deniza Nikocevic, an agent of Customs and Border Protection at the Miami airport, and the testimony of Latoya Gilmer, Duck's cousin, to support the charges against Duck of importing and possessing with intent to distribute heroin. Duck testified in her defense. The jury convicted Duck on both counts.

At Duck's sentencing hearing, the district court calculated her base offense level at 32, U.S.S.G. § 2D1.1(c), applied a two-level enhancement for obstruction of justice, and a reduction of two levels for mitigating role, *id*. § 3B1.2, and calculated a total offense level of 32. The court did not address Duck's written

objection that, if the court applied a reduction under section 3B1.2, she was entitled her to an additional two-level reduction under section 2D1.1(a)(5)(i).

We review both the denial of a motion for judgment of acquittal and a challenge to the sufficiency of the evidence *de novo*. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). We review the evidence in the light most favorable to the government and interpret all inferences and credibility choices to support the jury's verdict. *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004). We are bound by a jury's credibility choices so long as the testimony on which the jury relied was not incredible as a matter of law. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005). The government may prove its case through circumstantial evidence. *United States v. Quilca-Carpio,* 118 F.3d 719, 721 (11th Cir. 1997).

Where a defendant charged with drug importation and possession was caught with luggage containing a significant quantity of hidden drugs, a reasonable jury may find beyond a reasonable doubt that the defendant knew about the drugs based on the quantity alone because "a prudent smuggler is not likely to entrust such valuable cargo to an innocent person without that person's knowledge." *See id.* at 722. Additional evidence of the defendant's knowledge of hidden drugs may include an officer's testimony that an apparently empty piece of luggage was unusually heavy or evidence of consciousness of guilt, such as when a defendant

3

lies to officers or evinces a lack of surprise when caught. *Id.* at 720, 722; *see*

*United States v. Almanzar*, 634 F.3d 1214, 1222 (11th Cir. 2011) (explaining that

the defendant's nervous behavior and subsequent lies and implausible stories to

officers regarding the presence of meth discovered in her car proved consciousness

of guilt); *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998) (sustaining

firearm and drug possession convictions where officer's testimony was that none

of the defendants looked surprised when he discovered cocaine and a gun in the car

in which they were riding).  And where a jury disbelieves a defendant's testimony,

it may be considered as substantive evidence of the defendant's guilt.  *Williams*,

390 F.3d at 1326.  "Where some corroborative evidence of guilt exists for the

charged offense and the defendant takes the stand in her own defense, the

Defendant's testimony, denying guilt, may establish, by itself, elements of the

offense."  *Id.*

Sufficient evidence supports Duck's convictions.  Duck disputes the

sufficiency of the evidence only as to her knowledge of the heroin hidden in her

suitcase, but the record supports a finding that Duck knew about the heroin.

Duck's suitcase contained nearly two kilograms—over four pounds—of heroin, an

amount a drug dealer would be unlikely to risk with an unknowing bystander.

*Quilca-Carpio*, 118 F.3d at 722. And the government presented additional

evidence that she knew about the drugs.  For example, although Duck testified that

4

she did not notice anything unusual about the suitcase before buying it, the Customs and Border Patrol agent who searched her suitcase testified that, when the suitcase was empty of all visible contents, it still had a bulge at the bottom and felt unusually heavy. *See id.* Duck also lied to the agent when she told her that she had owned the suitcase "for a while," when in fact she had acquired it only 48 hours earlier. *See Almanzar*, 634 F.3d at 1222. Duck did not act surprised when the agent discovered the heroin. *See Leonard*, 138 F.3d at 909. On the contrary, in text messages she sent to her fiancé and another man while detained, Duck informed them that she "didn't make it" past customs. And Duck's implausible testimony supports her convictions. She testified that she was on probation, but did not tell her probation officer about the trip; she bought the heroin-laden suitcase at a happenstance encounter with a man who sold luggage; that she did so to transport shopping purchases that she never made; and that she was unaware that drugs were hidden inside of it. Because the jury necessarily disbelieved her account, her testimony provided additional substantive evidence of her guilt. *Williams*, 390 F.3d at 1326. Ample evidence allowed a reasonable juror to find beyond a reasonable doubt that Duck knowingly imported and possessed the heroin in her suitcase. We affirm her convictions.

Duck argues, and the government concedes, that the district court committed reversible error when it miscalculated her total offense level. The Sentencing

Guidelines provide for a two-level reduction to a base offense level if a defendant was a minor participant in the criminal activity. U.S.S.G § 3B1.2(b). And section 2D1.1(a)(5) provides that, if a court applies that reduction to a base offense level calculated under the drug quantity tables and the offense level is 32, then the court shall apply an additional two-level reduction, so that the total offense level is 30. *Id.* § 2D1.1(a)(5)(i). An offense level of 30 and a criminal history category of II yields a guideline range of 108–135 months imprisonment. *See id.* App. G, sentencing table (Nov. 2012). The district court reduced Duck's drug-related offense level to 32 under section 3B1.2, but failed to reduce the level to 30, as required by section 2D1.1(a)(5)(i). The district court stated its intent to impose a sentence within the applicable guideline range, and Duck's sentence is 21 months above the range that would have applied, but for the error. Accordingly, we vacate Duck's sentence and remand to allow the district court to resentence her at the correct total offense level of 30 and the corresponding advisory guideline range of 108–135 months.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.**